**Electronically Filed
Intermediate Court of Appeals
30602
13-FEB-2012
08:31 AM**

NO. 30602

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTINE ALLOT-RODGERS, Claimant-Appellant, v.
STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
Employer-Appellee, Self-Insured.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2008-194(WH) (9-07-10067 HILO) and
AB 2008-193(WH) (9-05-10095 HILO))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

In this worker's compensation case, Claimant-Appellant pro se Christine Allott-Rodgers (Allott-Rodgers) appeals directly to the Intermediate Court of Appeals from two decisions and orders filed on June 3, 2010 by the State of Hawai'i Labor and Industrial Relations Appeals Board (LIRAB). Allott-Rodgers appeals from (1) Case No. AB 2008-193 Decision and Order (LIRAB Case No. 193) and (2) Case No. AB 2008-194 Decision and Order (LIRAB Case No. 194).[1]

---

[1] LIRAB filed an Amended Decision and Order on June 7, 2010, amending the DCD case number on its June 3, 2010 Decision and Order to "(9-07-10067 HILO)."

In LIRAB Case No. 193, LIRAB reversed in part the Director's April 3, 2008 Decision regarding Allott-Rodgers's January 21, 2004 injury when LIRAB concluded that Allott-Rodgers was "entitled to medical, care, services, and supplies for the January 21, 2004 cervical strain work injury after March 2, 2005, so long as statutory (Chapter 386) and regulatory (Hawaiʻi Workers' Compensation Medical Fee Schedule) requirements" were met. LIRAB affirmed the remainder of the Decision.

In LIRAB Case No. 194, LIRAB affirmed the Director's April 3, 2008 Decision regarding Allott-Rodgers' August 16, 2005 injury.

On appeal, Allott-Rodgers contends

(1)  in LIRAB Case No. 193, Findings of Fact (FOFs) 1, 3-6, 9-15, and 19-21 are erroneous and Conclusions of Law (COLs) 2-5 are wrong, and

(2)  in LIRAB Case No. 194, FOFs 3, 4, and 5 are erroneous.

Allott-Rodgers asks this court to

(1)  award her compensation from February 3, 2004 to February 9, 2004, "plus a further 11 days," and from August 8, 2005 to March 11, 2006;

(2)  award her compensation in accordance with Hawaii Revised Statutes (HRS) § 386-33 (Supp. 2010) from October 29, 2008 forward;

(3)  continue her medical care and services from March 3, 2005 forward;

(4)   provide her compensation under the odd-lot rule;

(5)   reverse LIRAB's Decision and Order in LIRAB Case No. 194 by determining that it was a compensable claim; and

(6)   make any other orders or decrees as this court finds appropriate.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Allott-Rodger's points of error as follows:

**(1)   LIRAB Case No. 193**

Pursuant to HRS § 91-14(g)(5) (1993),[2] the appellate court reviews administrative FOFs under the clearly erroneous standard. Igawa v. Koa House Rest., 97 Hawai'i 402, 405-06, 38 P.3d 570, 573-74 (2001). In LIRAB's Case No. 193 Decision and Order, FOFs 1, 3-6, 9-15, and 19-21 were not clearly erroneous.

A finding of fact "is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the

_____

[2]   HRS § 91-14(g)(5) provides:

> (g)   Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> . . . .
>
> (5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record[.]

definite and firm conviction that a mistake has been made." In re Water Use Permit Applications, 94 Hawai'i 97, 119, 9 P.3d 409, 431 (2000).

Allott-Rodgers' arguments regarding the alleged FOF errors fall into three categories: (1) alleged errors of factual information as to dates or job titles, (2) alleged errors because additional information should have been provided within the FOF, and (3) alleged errors because LIRAB did not interpret certain facts as supporting her claim of injury. We discuss and resolve the alleged errors pursuant to these categories.

Allott-Rodgers contends the following FOFs contained inaccurate information: the portion of FOF 1 stating her 1998 work injury was to the same body parts as her 199[7][3] motor vehicle accident (MVA) because it appeared LIRAB concluded the permanent partial disability of the whole person (PPD) benefits were based in part on the MVA injury; FOFs 4 and 5 because the work restriction was until February 9, 2004, not February 2, 2004, and because another 11 days taken off due to the injury were not mentioned; FOF 13 because Dr. Orr is not a family practice doctor but an occupational health services doctor and although Allott-Rodgers only worked at one other school, the FOF suggests she worked at more than one; and FOF 14 because Dr. Orr's date of January 24, 2004 should have been January 21, 2004 and date of August 9, 2004 should have been August 9, 2005.

---

[3] In the record, the date of the MVA was sometimes listed as 1996 and other times as 1997. For purposes of consistency, we use the date 1997.

Allott-Rodgers also claims Dr. Orr's notes confirm subsequent re-injury.

Allott-Rodgers misreads FOF 1. Pursuant to HRS § 386-32 (Supp. 2010), the award of PPD benefits could only be for a work-related injury so LIRAB was not suggesting that the award was for any injury other than the 1998 work-related injury.

Based on the evidence, FOFs 4 and 5 are not erroneous. Allott-Rodgers contends her work restriction was until February 9, 2004, not February 2, 2004, and the FOFs should have noted another 11 days she took off due to the injury. Dr. Sanchez provided a work slip excusing her from work from January 22, 2004 to February 2, 2004. Allott-Rodgers' next visit was on February 6, 2004, when Dr. Sanchez gave her a work slip stating she could resume work on February 9, 2004. There were no work days between February 6 and February 9 because February 6, 2004 was a Friday. Allott-Rodgers also provided no medical certification that another 11 sick days were due to her January 21, 2004 injury.

FOF 14 is partially erroneous but the error is harmless. State v. Propios, 76 Hawai'i 474, 486, 879 P.2d 1057, 1069 (1994) (erroneous finding of fact was harmless error). Dr. Orr's WC-2 incorrectly identified January 24, 2004 as the date of the injury, but LIRAB noted the incorrectness with a "[sic]" after the date. LIRAB then incorrectly stated that Allott-Rodgers was certified disabled from August 9, 2004, instead of 2005, but Allott-Rodgers does not cite to any harm

caused by this error. Finally, contrary to Allott-Rodgers' contention, Dr. Orr's notes did not confirm a subsequent re-injury.

Allott-Rodgers contends the following FOFs should have included additional information: FOF 3 because in addition to stating she was injured inputting grades, the FOF should have indicated she had previously been excused from inputting grades, to show that being required to input grades was an "act of harassment"; FOF 6 because the duty restrictions should have been described; FOF 9 because she either did not need a work slip, did not have medical insurance, or was not working; FOF 15 because it did not indicate that the State of Hawai'i Department of Education (DOE) had sent Dr. Orr a letter on August 11, 2005 incorrectly stating that she was not an DOE employee; and FOF 19 because Allott-Rodgers was not working so did not need to see the doctor and her health insurance had ended. Also, as to FOF 19, Allott-Rodgers contends her statement about the 1997 MVA was "purely anecdotal" because prior to the Director's determination that she had suffered a 7% PPD in the 1998 injury at Kahi Mohala, the Director had concluded that she had fully recovered from the 1997 MVA. Allott-Rodgers does not identify any statement in the above FOFs 3, 6, 9, 15, and 19 that was erroneous, but merely argues that she wanted them to say more. There was substantial evidence to support these contested FOFs, and we are not "left with the definite and firm conviction that a mistake has been

made." In re Water Use Permit Applications, 94 Hawai'i at 119, 9 P.3d at 431.

Finally, although Allott-Rodgers contends FOFs 10, 11, 12, 20, and 21 are erroneous, she does not argue error, but instead argues that the FOFs support conclusions LIRAB should have, but did not, make.

"Ordinarily, deference will be given to decisions of administrative agencies acting within the realm of their expertise." Coon v. City & Cnty. of Honolulu, 98 Hawai'i 233, 245, 47 P.3d 348, 360 (2002) (internal quotation marks, citation, and brackets omitted). LIRAB had to determine whether there was "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." In re Water Use Permit Applications, 94 Hawai'i at 119, 9 P.3d at 431 (internal quotation marks and citation omitted).

Here, giving deference to LIRAB and "in view of reliable, probative, and substantial evidence on the whole record," we conclude the disputed FOFs are not erroneous. Igawa, 97 Hawai'i at 406, 38 P.3d 574.

Regarding the COLs, Allott-Rodgers contends that COLs 2, 3, 4, and 5 are wrong. Allott-Rodgers appears to argue that if the FOFs are erroneous, then the COLs are wrong and she is entitled to compensation from February 3, 2004 to March 3, 2009 "and continuing to date" and she is also entitled to a further award under the odd-lot rule.

Addressing her first contention, we conclude that because the FOFs are not erroneous, the COLs are not wrongly based on any alleged error of the FOFs.

We also conclude that Allott-Rodgers does not qualify for compensation under the odd-lot rule. "Under the odd-lot doctrine, an injured employee may be considered permanently and totally disabled if he or she is unable to obtain employment because of work-related permanent partial disability combined with such factors such as age, education, and work experience." Bumanglag v. Oahu Sugar Co., 78 Hawai'i 275, 281, 892 P.2d 468, 474 (1995). LIRAB did not reach the question of whether Allott-Rodgers was permanently and totally disabled on an odd-lot basis so there is no conclusion on that point for us to review.

### (2) LIRAB Case No. 194

In LIRAB Case No. 194, LIRAB identified the sole issue as whether Allott-Rodgers "sustained a neck injury on August 16, 2005, arising out of and in the course of employment." Under Hawai'i's Workers' Compensation Law, HRS Chapter 386, an injury is compensable if there is a nexus between employment and the injury, meaning that the injury arose "out of and in the course of employment." HRS § 386-3 (Supp. 2010); Tamashiro v. Control Specialist, Inc., 97 Hawai'i 86, 91, 34 P.3d 16, 21 (2001). Absent a causal connection between the injury and conditions of employment, workers' compensation coverage does not apply. HRS § 386-3; Tamashiro, 97 Hawai'i at 91, 34 P.3d at 21.

"An injury is said to arise in the course of the employment when it takes place within the period of employment, at a place where the employee reasonably may be, and while he or she is fulfilling his or her duties or engaged in something incidental thereto." Davenport v. City & Cnty. of Honolulu, Honolulu Fire Dep't, 100 Hawai'i 481, 490, 60 P.3d 882, 891 (2002) (internal quotation marks, citation, brackets, and emphasis omitted).

Allott-Rodgers alleges the following FOFs 3, 4, and 5 are erroneous:

3.    [Allott-Rodgers] alleged that her work at Ka'u High School (walking the campus and carrying supplies) caused her injury.

4.    [Allott-Rodgers] was at home and not at work on August 16, 2005.

5.    [Allott-Rodgers] presented no evidence to establish an injury occurring on August 16, 2005.

LIRAB found that Allott-Rodgers was a DOE employee from February 23, 2005 to August 17, 2005. However, LIRAB also found that Allott-Rodgers was not at work on August 16, 2005, the date Allott-Rodgers claimed to be the date of injury. The principal of Ka'u High and Pahala Elementary School stated in her February 5, 2008 letter that the last day of school for the teachers was June 8, 2005 and Allott-Rodgers was not on campus on August 16, 2005. Also, in Allott-Rodgers' Claim for Workers' Compensation Benefits, she indicated that the injury did not occur at school but "at home and on 3/11/06 motor accident."

9

Applying the criteria set forth in <u>Davenport</u>, Allott-Rodgers was an employee of DOE during the time she claims the injury occurred, but she was not at school and she was not engaged in duties related to her employment. LIRAB did not err when it confirmed the Director's denial of Allott-Rodgers' claim that she sustained a compensable injury on August 16, 2005.

Therefore,

IT IS HEREBY ORDERED that the Decision and Order in LIRAB Case No. AB 2008-193 and the Decision and Order in LIRAB Case No. AB 2008-194, both filed on June 3, 2010 by the State of Hawai'i Labor and Industrial Relations Appeals Board, are affirmed.

DATED: Honolulu, Hawai'i, February 13, 2012.

On the brief:

Christine Allott-Rodgers
Claimant-Appellant pro se.

Presiding Judge

Associate Judge

Associate Judge

10